Thacher, J.,
said be w'as of opinion that the plea in bar was good, and that the replication was not sufficient to avoid it, and, therefore, that the defendant was entitled to judgment.
Sewall, J.
The first question upon these pleadings may be,, whether the defendant in his plea has stated sufficient facts to bar the plaintiff? And upon this question my opinion is, [ * 128 ] that the plea, if *not denied or avoided, is in form a sufficient answer to the plaintiff’s demand. The effects of a debtor are, by the unavoidable construction of the law of foreign attachments, and may be said in a legal sense to be, taken by *93 the service of the writ on the trustee. The abuses to which this construction may lead, are obvious, but these must be remedied by the legislature. Attachments of this kind might be limited in their effect to a certain period of time, or by the consequence of certain proceedings on the part of the plaintiff; but the statute has not made any limitation, and, whatever may be the mischief or danger of this defect, there is no power in this Court to afford an adequate remedy, or one suitable to the variety of cases and circumstances which may occur.
The second question is, whether the replication sufficiently avoids the plea. The effect of a lawful assignment upon a good and valuable consideration, creating an equitable interest in a note or demand, giving the assignee full power to collect it for his own use, after'suitable notice to the debtor, I am not disposed to deny or question. The effect of such assignments has, to every equitable purpose, been recognized in this Court, and these decisions are fully warranted by the English authorities with which they have been compared. But the requisites of a lawful assignment are, as I think, a delivery of the evidence of the demand, with a deed of it, to the assignee, creating in him a full authority for the collection of it; and this must appear to have been made not merely upon a consideration expressing a formal value, but upon a good and adequate consideration. And it is essential that the nature and amount of this consideration should be averred and proved by the party claiming the aid of this Court to enforce it as an equitable right; especially when the interest of a third person, who is no party to the consideration *of the assignment, is to be [ * 124 ] affected by it. To compare the replication of the plaintiff in this case with these rules, I think it will be found substantially defective in each particular. The writing mentioned is not averred to be a deed. It has been urged that this is a defect in form only; that a writing without seal is as good evidence of a contract as an instrument under seal. But I apprehend that when the interest of a third person is to be affected, the requisite of a seal is not a mere, formality. It ought to be recollected that a sealed instrument must be executed before witnesses, or at least one witness. By this means, its existence and the time when it commenced is capable of a direct proof; a proof to which the party affected in interest may resort, as well as the parties to the contract. A writing may be antedated, may not have existed until produced in court, and the proof of the hand-writing of the signature only will give it its validity, and the party affected in interest is without remedy against the fraud. But it is a sufficient ground for this objection that a power of attorney, a power to collect a debt, must be an instrumen' *94 under seal. (1) In the case before us, there is no averment that the note assigned was delivered to the assignee; it does not appear, therefore, that he ever possessed the means of enforcing this demand, or that in the supposed notice to the promissor in the note, the supposed assignee could show him any power of" discharging him upon the fulfilment of his promise. But the other particular is in itself conclusive. There is no averment of an adequate consideration; none is set forth ; it is only said that it was for value received. Now, an assignment is to be enforced in respect to the consideration, and the equitable interest of the assignee; and unless this appears, he discovers no equitable claim. When, therefore, we must determine between him who pleads a legal discharge of [ * 125 ] * this demand, and him who claims under the creditor by virtue of a contract insufficiently executed, not existing with those forms of evidence which the law requires as a common security, the preference must be given to the claim which is formally complete against that which is informal and not capable of a legal proof. For these reasons, I ani of opinion that the replication is insufficient, and, therefore, that judgment must be for the defendant.
Sedgwick, J.
I am aware of the inconveniences alluded to by my brother Sewall, arising from the defects of the trustee law, as to the limits and legal effect of attachments made under that law; and I concur with him as to the sufficiency of the plea in bar; I think that all which is necessary is set forth in the plea; I also concur in the result of his arguments upon the replication. But I do not conceive that a deed was necessary to a valid assignment of the note in question. I see no reason why an assignment by writing merely is not sufficient; why it is not as good in equity and equally entitled to the protection of the Court as though it had been made by an instrument under seal. It seems to me that the instrument transferring need be of no higher nature than the instrument transferred. When there appears to have been an assignment made bona fide ■ for an adequate consideration, however the assignment may be evidenced, it ought to be protected in the hands of the assignee. The difficulty in this case arises from a defect in what I conceive to be the necessary requisites of an assignment which ought to be so protected. The replication ought, in my opinion, to have shown, not •inly that the note was assigned, but also that it was delivered over to the assignee at the time, and that the full value of it was paid, oi .at least that an adequate consideration existed ; so that the adverse *95 party might confess *and refer the question of law to the [ * 126 ] decision of the Court, or have denied the fact, and put it to the jury. But all that is said in the replication is, that “for value received the note was assigned: ” all this might have been done, and yet not more than a single cent have been paid as the consideration of the transfer; one cent would have satisfied the expression “ for value received,” as completely as a sum amounting to the contents of the note. This is too loose and uncertain to be entitled to the advantage contended for; and, therefore, the replication being insufficient, the defendant ought to have judgment.
Strong, J.
For the reasons which have been given, I am of opinion that the plea in bar is good. The question, therefore, is whether the replication sufficiently avoids the plea. I have no doubt that the law will protect the equitable interest of the assignee of a chose in action. But to create this equitable interest, the assignment ought to be made for a good and adequate consideration, such as money paid, or a precedent debt discharged, &c., and the instrument assigned delivered over to the assignee; and these several facts ought to be shown in the pleadings. But what is the case before the Court? The replication says, that “for value received the note was assigned.” It is true that “ value received ” is primi facie evidence of a valuable consideration. What is a valuable consideration ? A. pepper-corn; and for aught that appears, by the pleadings in this case, there was no greater consideration than that for the supposed assignment. Then, surely, the Court will not feel themselves bound to say that such an assignment is shown as is entitled to the protection of the law on the ground of an equitable interest in the assignee.
I am not, however, satisfied that a writing under seal is an essential requisite to such an assignment. * As the [ * 127 ] note is not an instrument under seal, it does not appear to me necessary that an instrument of a higher nature should have been executéd in order to transfer and assign- it. This is now my prevailing opinion ; though without more opportunity than I have had, since this case was argued, for the examination of authorities, I will not undertake to decide positively on that question ; nor is it necessary, as the Court are all of one opinion upon the other points in the cause. And, therefore, there must be
Judgment for the defendant. (1)
(a)

 It is now considered as settled, that though a seal is necessary in the assignment if a sealed instrument, yet that it is not necessary in the transfer of a promise in writing not under seal.—Per Parker, C. J., in Wood, vs. Partridge, vol. xi. 491

 Vide post, vol. ii. 293, Hatch & Al. vs. Brooks.

 [Vide Chitty on Bills, pp. 8, 9, 8th London edition, and cases cited.—Ed.]
*96 The common practice of the country is to assign unnegotiable notes by simple ei/ dorsements on the back. This is considered as conveying sufficient authority to col lect the money of the promisor, and, also, as a guaranty of his performance of the contract.
There are at present very great difficulties with regard to the power of assigning choses in action, and to the degree of protection which such assignments are to receive in courts of justice. It is, indeed, the constant language of the courts that they will protect the equitable interest of the assignee. A plea of release has been frequently avoided by a replication setting forth a prior assignment and notice. Still, however, in the case of Bauerman & Al. vs. Radenius, 7 T. R. 663, a letter from the plaintiffs to the defendant was admitted in evidence, although it appeared in the same letter that other persons were really interested in the suit, and had indemnified the plaintiffs in whose name the action was brought. It is true that the plaintiffs were agents of Van Dyck & Co., the real parties in interest, but the decision was chiefly on the ground that the letter contained admissions of the plaintiffs on the record. Lord Kenyon declared it to be “ an incontrovertible rule that the admission made by a plaintiff on the record is admissible evidence.” It is said by Grose, J., in the same case, that the acknowledgment of Bauerman' and Radenius must be conclusive upon Van Dyck & Co. Lawrence, J., seems to doubt whether a release from a plaintiff in ejectment, who is only a trustee for the lessor, would not defeat the action. See, also, Craib & Ux. vs D’Aeth, innotis, ib.
It is very apparent that these difficulties must go far to prevent the real plaintiff from recovering upon the merits of the case. Even after judgment recovered and execution issued, the editor is unaware of any decision which would prevent the nominal plaintiff from granting to the defendant a release of the judgment and execution even in the hands of the sheriff. Perhaps this might be otherwise where the assignment was averred upon the record of the judgment.
No method has hitherto been devised of protecting the nominal plaintiff against costs, should judgment be rendered for the defendant. It may be said that this is a risk which he voluntarily incurs by his assignment, which is always accompanied by or implies a power of attorney to institute a suit in the name of the assignor. Still the defendant ought to have the security of the party for whose use the action is brought, and this is the more necessary, as the assignor is usually insolvent.
The Court in the case at bar are expressly of opinion that the assignment must be an adequate one, and so appear by the pleadings, i, e. 11 the nature ana amount of the consideration must be averred.” Now, it might be that ¿£25 would be an adequate consideration for the assignment of a claim of $100, if the assignor did not pledge.his own credit. This, however, would not so appear by an averment of the real amount paid. Might a small sum be alleged in pleading to be an adequate consideration for the transfer of a large claim, and an issue be thereon taken to the country ? Otherwise it would seem that unnegotiable securities and other demands could be sold only at their nominal value.
In case a judgment for the plaintiff be reversed upon writ of error after execution satisfied, can the plaintiff in error have any remedy other than against the defendant in error upon the record ?•